UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OTONIEL CARRIEYO,

        Plaintiff,

   v.

GARY HINTZE, *et al.*,

        Defendants.

CASE NO. 3:20-cv-05011-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 5, 2020

    This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff, proceeding *pro se*, initiated this matter in January 2020. *See* Dkt. 1. Because plaintiff has failed to timely update his address, the undersigned recommends dismissing this action without prejudice.

    Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. If mail sent to a *pro se* plaintiff by the Clerk is returned, and if plaintiff fails to notify the Court and opposing parties of his current

1  mailing address within 60 days of the mail being returned as undeliverable, the Court may

2  dismiss the action without prejudice for failure to prosecute.  LCR 41(b)(2); *see also* Fed. R. Civ.

3  P. 41(b)(2).

4       In February 2020, the Court ordered plaintiff to pay the filing fee or submit an *in forma*

5  *pauperis* application, but this Order was returned to the Court because plaintiff had not updated

6  his address.  *See* Dkts. 4, 5.  The undersigned then directed plaintiff to update his address on or

7  before May 8, 2020, or the undersigned would recommend dismissal of this matter without

8  prejudice.  Dkt. 6.  Plaintiff has not updated his address or taken any other action in this matter

9  since sending the Court his proposed complaint in January 2020.  *See* Dkt.  As such, this matter

10  should be **DISMISSED WITHOUT PREJUDICE** in accordance with Local Civil Rule

11  41(b)(2).

12       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

14  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15  review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver

16  of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

17  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

18  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2020,**

19  as noted in the caption.

20       Dated this 15th day of May, 2020.

21

22

23  J. Richard Creatura
    United States Magistrate Judge

24

REPORT AND RECOMMENDATION - 2